CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Phyl Grace, Esq., SBN 171771
phylg@potterhandy.com
Dennis Price, Esq., SBN 279082
dennisp@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Ph: (858) 375-7385
Fax: (888)422-5191

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Alejandro Diaz**<br><br>      Plaintiff,<br><br>v.<br><br>**City of Monterey Park**; and Does 1-10,<br><br>      Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:**<br><br>1. Title II of the American's with Disabilities Act, 42 U.S.C. §12131 *et seq.*;<br><br>2. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and<br><br>3. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* |

//

//

//

//

1

Complaint

Plaintiff Alejandro Diaz ("Plaintiff") complains of Defendants City of Monterey Park and Does 1-10 ("Defendants") and alleges as follows:

**INTRODUCTION**

1.      This case involves an aspect of life that many people take for granted – the ability to move freely within one's community using city sidewalks.  Plaintiff Alejandro Diaz, an individual with paraplegia who uses a wheelchair for mobility, brings this action because he has been denied such basic access by the City of Monterey Park, thus subjecting him to discrimination on the basis of his disability, in violation of federal and state anti-discrimination statutes.

2.      Accessible sidewalks are essential to integrating people with disabilities into the country's economic and social life.  Without properly configured sidewalks, public travel for individuals who use wheelchairs is at best inconvenient, and at worst life-threatening.   The lack of properly configured sidewalks inhibits the ability of individuals who use wheelchairs to travel safely and effectively within their communities, and to and from their homes, schools and jobs.  In short, the absence of accessible sidewalks stands as a potential barrier between people who use wheelchairs and every aspect of their daily lives.

3.      As a result of Defendants' failure to ensure the accessibility of its sidewalks, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, denied full and equal access to Defendants' programs, services and activities.

4.      Through this lawsuit, Plaintiff seeks to compel the City of Monterey Park to comply with its obligations under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 et seq., and related state

2

civil rights law so that he may move freely and unencumbered within the community.  Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing Plaintiff's civil rights.

**PARTIES**

5.     Plaintiff Alejandro Diaz is a California resident with paraplegia. He unable to walk or stand, and uses an electric wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

6.     Defendant City of Monterey Park ("City") is, and at all times relevant to herein was, a political subdivision of the State of California.

7.     Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have

3

ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA and Section 504.

10.     Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Disabled Persons Act, which act expressly incorporates the Americans with Disabilities Act. Cal. Civ. Code § 54(c).

11.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

12.     At all times relevant herein, the City owned, controlled, maintained and exercised dominion over the public sidewalks, curbs and pedestrian paths of travel in and throughout the City of Monterey Park.

13.     Plaintiff uses public transportation and public sidewalks to travel in and around the community, including the City of Monterey Park.  Plaintiff enjoys going to Monterey Park to shop and eat at businesses located there.

14.     On numerous occasions over the years, including but not limited to August 2013, September 16, 2013, August 25, 2014 and September 17, 2014, Plaintiff has personally encountered architectural barriers to the sidewalks leading from the Metro station on South Atlantic Boulevard north

4

Complaint

to the numerous businesses located there. Specifically, Plaintiff has personally encountered utility poles and boxes, fire hydrants and missing slabs of sidewalks that render it impossible for him to use the sidewalks on Atlantic Boulevard to get to the businesses he wants to frequent, including the sidewalks leading to Ralphs Market at 2230 South Atlantic Boulevard, the Chipotle Mexican Grill at 2180 South Atlantic Boulevard., the IHOP at 2060 South Atlantic Boulevard, and the Radio Shack at 2036 South Atlantic Boulevard (hereinafter "Sidewalks"). These barriers reduce the Sidewalks' width such that a wheelchair cannot pass.

15.   In 2013, Plaintiff got stuck in the dirt off the side of the one of the sidewalks in his effort to navigate past an obstruction.  Plaintiff had to be lifted out of the dirt by passersby, causing him extreme embarrassment, anxiety, fear and distress. Now, Plaintiff just rides in the street alongside vehicular traffic to avoid the obstructions to the Sidewalks, putting him in harm's way.

16.   There are no equivalent alternative routes of travel Plaintiff can use to get to the businesses and locations he desires.  Any alternative route is significantly longer in distance, and/or exhibits similar barriers.

17.   On information and belief, the Sidewalks have undergone construction and/or alterations since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24.   Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

18.   On information and belief, the Sidewalks have undergone construction and/or alterations since January 26, 1993 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28

Complaint

C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

19.    Plaintiff plans to use the Sidewalks to visit businesses in Monterey Park in the future. Until the barriers to the Sidewalks are removed, and Defendants' discriminatory policies and practices regarding the construction of and/or failure to remove barriers along their sidewalks to ensure program access are modified, Plaintiff will continue to be denied full and equal access to the Sidewalks, and will suffer ongoing discrimination by being excluded and deterred from utilizing them and the accommodations they serve.

20.    The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

## GOVERNMENT CLAIM FILED
### *(With regard to Plaintiff's claims for damages under State Law)*

21.    Plaintiff timely filed a claim with the City of Monterey Park pursuant to § 910 et seq. of the California Government Code. The claim was filed on or about October 14, 2014 and denied as a matter of law.

## FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12131 *et seq*.

22.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

23.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded

6

Complaint

from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

24.    At all times relevant to this action, Defendants were a "public entity" within the meaning of Title II of the ADA, and the public sidewalks in the City of Monterey Park are one of the programs, services and/or activities they offer to the general public.

25.    Plaintiff is, and at all times relevant herein was, a qualified individual with a disability within the meaning of Title II of the ADA, and meets the essential eligibility requirements for the receipt of the services, programs, or activities offered by Defendants to the public.

26.    Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Sidewalks they offers to the public, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, inter alia:

> a.   Failing to operate its Sidewalks so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. §  35.150(a));
>
> b.   Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));
>
> c.   Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));
>
> d.   Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same

Complaint

result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

    e.  Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

    f.  Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

    g.  Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

27.    Defendants' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

28.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**

**Section 504 of the Rehabilitation Act of 1973**

**29 U.S.C. § 794**

29.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

30.    Section 504 of the Rehabilitation Act provides that "no

8

Complaint

otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

31. Defendants are recipients of "federal financial assistance" in the form of federal grants and loans, part of which is designated and used to construct, alter and/or maintain the City's sidewalks.

32. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

33. Defendants' duties under Section 504 are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

34. Pursuant to 29 U.S.C. § 794a, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

**California Disabled Persons Act**

**California Civil Code § 54 et seq.**

**(*Statutory damages and attorneys' fees only*)**

35. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

36. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general

9

public to the full and free use of the ... sidewalks, walkways, ... public facilities, and other public places." Cal. Civ. Code § 54(a).

37.     Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA.  Among other things, Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

38.     A violation of the ADA is also a violation of the CDPA.  See Cal. Civ. Code, § 54(c).  As alleged above, Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the ADA. Accordingly, these acts and omissions also violate the CDPA.

39.     Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

40.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Issue an injunction:

a. Ordering Defendants to bring the Sidewalks into compliance with applicable federal and state accessibility standards and make them fully and equally available to individuals with mobility disabilities; and

b. Ordering Defendants to modify their policies to ensure compliance with the new construction/alteration and

Complaint

program access requirements of the ADA and Section 504;

**Note**: *Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: February 13, 2015                  CENTER FOR DISABILITY ACCESS

By:_____
Mark D. Potter
Attorneys for Plaintiff

11

Complaint